[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11813
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20798-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNEFER AUGUSTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2018)

Before WILSON, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jennefer Auguste appeals her three-year term of supervised release, imposed after her initial supervised release term was revoked.  Specifically, she challenges the district court's condition that the first twelve months of supervised release be served in a halfway house.

## I.

On December 10, 2014, Auguste pled guilty to aggravated identity theft and unauthorized use of access devices.  The charges stemmed from jewelry purchases Auguste made using stolen identity documents.  The district court sentenced her to fifty-one months imprisonment, followed by three years of supervised release.  Later, the district court granted the government's motion for a sentence reduction and reduced Auguste's sentence to thirty-six months imprisonment.

Auguste was released from prison and began her term of supervised release on October 20, 2017.  In March 2018, the probation office notified the court that Auguste was violating the terms of her supervised release.  That notice alleged six violations: (1) failing to file monthly reports with her probation officer; (2) failing to have regular employment; (3) lying to her probation officer about employment; (4)–(5) deviating from the "Location Monitoring Program" by not attending her approved employment on two separate days; and (6) failing to perform the amount of community service required of someone not employed.

2

On April 13, 2018, the district court held a revocation hearing.  Auguste admitted the violations but asked the court to allow her to continue on her term of supervised release.  The government argued for twelve months of incarceration— the high end of the guidelines range—based on Auguste's long history of fraud. The district court noted that "she got a lot of breaks" in her initial sentencing and "she's taken advantage of them and she's continuing to defraud people, including this Court."  The district court sentenced Auguste to one day of time served, plus three years of supervised release.  The district court also required the first twelve months of supervised release be served at a halfway house.

Auguste appealed.

## II.

We generally review the substantive reasonableness of a revocation sentence for abuse of discretion.[1]  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). We consider the totality of the circumstances and will remand for resentencing only when "left with the definite and firm conviction that the district court

---

[1] The government asserts that a plain-error review is appropriate because Auguste did not raise a substantive-reasonableness objection at sentencing.  The appropriate standard of review is an open question in this circuit.  See United States v. Medina, 656 F. App'x 975, 981 n.3 (11th Cir. 2016) (per curiam) (unpublished) ("[T]o our knowledge, we have yet to decide in a published opinion whether we review the substantive reasonableness of a defendant's sentence for plain error if the defendant failed to raise any objection before the district court.").  However, we need not reach that question because Auguste's claim fails under the abuse of discretion standard.

3

committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).  A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

Auguste argues it was unreasonable to require her to spend the first twelve months of her supervised release in a halfway house because her supervised release violations were minor and the punishment will be excessively detrimental for her family.

Auguste argues that her supervised release violations were minor, noting that they were "Grade C violations, and involved no new violations of law."  However, her violations were sufficiently serious to support a sentencing guideline range of six to twelve months imprisonment.  By sentencing Auguste to one day of imprisonment, with credit for time served, the district court varied downward from the guidelines.  It is difficult to understand how this sentence constitutes excessive punishment.

4

For the same reason, Auguste's argument that the district court placed undue weight on her past crimes lacks merit. The district court correctly noted that Auguste had been convicted of committing fraud, and that the violations of supervised release included fraudulent conduct—lying about her employment. Nonetheless the district court varied downward from the guideline sentence, evincing not an undue fixation with her prior crimes, but instead a genuine attempt to give Auguste "another break . . . [one] last break."

Finally, Auguste argues the punishment was excessive because during her time in a halfway house she will be unable to care for her ill mother. The district court did consider this issue at sentencing—after a lengthy back and forth with Auguste, the court indicated that any sentence would not interfere with Auguste's efforts to close on a reverse mortgage she was undertaking to help her mother financially. In any event, this Court cannot simply substitute our own judgment for that of the district court when weighing the relevant factors. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

In sum, the district court did not fail to consider any relevant factor, did not give significant weight to an irrelevant factor, and did not commit a clear error in judgment in balancing the proper factors. See Irey, 612 F.3d at 1189. Therefore the district court did not abuse its discretion by imposing a substantively unreasonable sentence, and the sentence is affirmed.

5

**AFFIRMED.**